Next case on the docket is People v. Gearhart, clause number 5-10-0003. Mr. Sweeney, it looks like you've run off the competition too, so we'll hear your oral argument. Well, I probably should have waived here, but there was one point that I should have made in my brief that I forgot to make. Of course, I assert in my brief that I have two Illinois Supreme Court cases directly in point favor of me, which is useful, but there's also an important policy consideration here. The issue is whether a convicted defendant who has completed his sentence, his mandatory supervised release, his probation or whatever, and is not in any way restrained by his liberty by the state of Illinois, can nevertheless file a post-conviction petition. And the law is pretty clear that once your sentence is over... There's also a policy reason here, because if any other rule would allow a defendant 10 years, 20 years, any number of years after completing a sentence to file a post-conviction petition and have counsel appointed, it would lead to a very... If that conviction were used to enhance any subsequent sentence, which they often are, that would lead to a very large increase in litigation and costs imposed on the public, which, of course, is fine from the point of view of a government lawyer like me, but from the point of view of the public interest, it would be very bad. Also, I would inquire whether there are any questions concerning the briefs. Thank you, Mr. Sweeney. Thank you. All right, we'll take People v. Gearhart under advisement and issue our decision in that case in due course.